Manuel J. Colón Vargas y su esposa, Nilda Méndez, demandante, *v.* Cooperativa de Seguros Múltiples de Puerto Rico, tercero demandante recurrente; Corporación Insular de Seguros, tercera demandada recurrida.

*Número:* R-81-122          *Resuelto:* 20 de octubre de 1981

---

*César A. Hernández Colón* y *Fernando Barnés Vélez,* abogados de los recurrentes; *Gonzalo J. Barreras Varona* de *Miranda Cárdenas, De Corral & Rodríguez,* abogado de la tercera demandada recurrida.

PER CURIAM: El señor Colón Vargas y su señora esposa demandaron, como resultado de un choque, al conductor del otro vehículo y a la compañía aseguradora de éste ("la Cooperativa"). Tan solo contestó la Cooperativa alegando en esencia que el accidente se debió a la negligencia exclusiva de la parte demandante. No se interpuso reconvención. La Cooperativa dedujo a la vez demanda contra la Corporación Insular de Seguros y South Continental Insurance Co. ("las terceras demandadas"). La Cooperativa alegó en su demanda contra tercero que una de las terceras demandadas, o ambas, habían expedido una póliza que cubría los daños sufridos por los demandantes y que, en tal virtud, las terceras demandadas le eran responsables a ella, la tercera demandante, en todo o en parte, de los daños reclamados. Solicitó en consecuencia que se condenara a las terceras demandadas a resarcir a la tercera demandante cualesquiera sumas de dinero que ésta tuviese que pagar a la parte demandante.

La tercera demandada, Corporación Insular de Segu-

ros, requirió la desestimación de la demanda contra tercero, "ya que no se reclama nada a favor del demandante original que es nuestro asegurado y a quien ya se le satisfizo su pérdida". Continuó señalando la promovente de esta moción que "lo que aquí procede es una reconvención en contra del demandante original de forma que éste y la aquí compareciente estén litigando conjuntamente y del mismo lado en contra del demandado-demandante contra tercero". Añadió la promovente que el tribunal podría ordenar que se presentase una reconvención o, en la alternativa, considerar la demanda contra tercero como una reconvención, en cuyo caso la tercera demandada presentaría la réplica correspondiente. El tribunal desestimó la demanda contra tercero, explicando que "Toda vez que la acción contra la aseguradora [la tercera demandada] solo nace de un contrato de seguro convenido para proteger al asegurado [la parte demandante] . . . solo tienen causa de acción contra la aseguradora, el asegurado . . . y quienes contra él reclamen".[1] Dictamos orden de mostrar causa por la cual no debe revocarse la sentencia parcial dictada.

La Regla 12.1 de Procedimiento Civil provee, en parte:

En cualquier momento después de comenzado el pleito el demandado podrá, como demandante contra tercero, notificar un emplazamiento y demanda a una persona que no sea parte en el pleito y (1) que le sea o pueda serle responsable al demandado por toda o parte de la reclamación del demandante, o (2) que sea o pueda serle responsable exclusivamente al demandante.

El texto proviene de la Regla 14(a) de las Reglas Federales de Procedimiento Civil, según redactadas antes de

---

[1] Véase, no obstante, el artículo 20.030 del Código de Seguros, Ley Núm. 21 de 26 de mayo de 1966, 26 L.P.R.A. sec. 2003, el cual dispone en parte:

"(1) La persona que sufriere los daños y perjuicios tendrá, a su opción, una acción directa contra el aseguarador conforme a los términos y limitaciones de la póliza, acción que podrá ejercitar contra el asegurador solamente o contra éste y el asegurado conjuntamente. . . ."

1946, fecha en que se enmienda la Regla para eliminar su segundo apartado. Nuestras Reglas de Procedimiento Civil de 1979, sin embargo, contienen dicho apartado. (²)

La tercera demandante fundó claramente su reclamación en el primer apartado de la Regla, ya que alegó que las terceras demandadas le eran responsables *a ella*, en todo o en parte, por los daños reclamados por los demandantes. El propósito de las Reglas de Procedimiento Civil es "simplificar y aligerar los procedimientos para poder dispensar una justicia más rápida y menos costosa al alcance de todas las personas". *Parrilla García* v. *Fuentes Fluviales*, 92 D.P.R. 168, 176 (1965). El propósito específico de la Regla 12.1 es establecer un mecanismo para facilitar la resolución pronta y económica de pleitos múltiples que puedan surgir de unos mismos hechos. 6 Wright & Miller, *Federal Practice and Procedure*, sec. 1442, págs. 202–203. La Regla no crea, extiende o limita derechos sustantivos. Lo que hace es acelerar su dilucidación. 3 Moore's *Federal Practice*, sec. 14.03, pág. 14-18. La Regla debe ser interpretada liberalmente, *Stiber* v. *United States*, 60 F.R.D. 668 (1973), pero debe advertirse que su primer apartado está disponible solo contra aquellas personas que son o puedan serle responsables al demandado de parte o toda la reclamación del demandante. La Regla no puede utilizarse para combinar en una acción todas las controversias, por dispares que sean, que posean alguna relación común. 6 Wright & Miller, *op. cit.*, sec. 1442, pág. 206. Existen otras limitaciones que es innecesario discutir en la situación presente.

La póliza expedida no obra en autos. Tampoco hay constancia fehaciente de que se presentó ante la consideración del tribunal de instancia. El espíritu de las Reglas

---

(²) Para el historial de nuestra Regla 12.1, véanse: *Informe del Secretariado de la Conferencia Judicial de las Reglas de Procedimiento Civil*, 52; Picó Santiago, "Odisea de unas reglas . . .", 42 Rev. C. Abo. P.R. 81 (1981).

exige que antes de rechazar la demanda contra tercero en este tipo de situación se debe ventilar en la vista correspondiente la posible responsabilidad de las terceras demandadas para con la tercera demandante bajo los términos de la póliza. Únicamente tras el examen de la póliza es que podrá determinarse con certeza si la tercera demandada le es responsable a la tercera demandante bajo el primer apartado de la Regla 12.1 por toda o parte de la reclamación de los demandantes. De resultar que le es responsable procede la demanda contra tercero, sin que sea indispensable la existencia de una reconvención.

■ Aun de determinarse que la tercera demandante no puede invocar el primer apartado de la Regla 12.1, habría que recordar que la demanda contra tercero en este caso puede entrañar una causa de acción bajo el apartado segundo de la referida Regla. El examen de la póliza es igualmente imprescindible para tal propósito. ¿Le es responsable la tercera demandada exclusivamente a los demandantes por los daños alegados? En tal caso la demanda contra tercero sería admisible. Adviértase que debe permitirse una demanda contra tercero si ésta expone una reclamación que podría interponerse contra el tercero demandado de haberse hecho a éste parte demandada. *Crim* v. *Lumbermens Mut. Casualty Co.*, 26 F.Supp. 715 (1939).

*Se expide el auto, se revoca la sentencia parcial recurrida y se devuelve el caso a instancia para procedimientos ulteriores consistentes con esta opinión.*

El Juez Asociado Señor Irizarry Yunqué no intervino.