## Estado Libre Asociado de Puerto Rico
## TRIBUNAL DE APELACIONES
## PANEL XII

| | | |
|---|---|---|
| DIANA ROSAMYS MIRABAL DROZ<br><br>Apelada<br><br>v.<br><br>XAVIER ENRIQUE PORTELA APARICIO Y OTROS<br><br>Apelante | KLAN202400749 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: GB2023CV00224<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de octubre de 2024.

Comparece la señora Jennifer Rivera Bernardi (señora Rivera Bernardi o apelante) vía recurso de apelación y solicita que revoquemos la *Sentencia Sumaria Parcial* del Tribunal de Primera Instancia, Sala Superior de Bayamón, emitida el 15 de junio de 2024. En dicho dictamen, el foro primario desestimó sumariamente las demandas contra Caguas Auto Mall, Inc. (Auto Mall), FirstBank de Puerto Rico (FirstBank) y Universal Insurance Company (Universal). Por los fundamentos que expondremos, revocamos la *Sentencia Sumaria Parcial* recurrida.

En síntesis, y en lo pertinente a la controversia ante nos, el caso de epígrafe trata de una demanda de daños y perjuicios de la señora Diana Rosamys Mirabal Droz (señora Mirabal Droz o demandante) contra el señor Xavier Portela Aparicio (señor Portela Aparicio), la

señora Rivera Bernardi, el señor Juan A. Rodríguez Ortiz (señor Rodríguez Ortiz) y Universal. Según el expediente, el 22 de marzo de 2022 la señora Mirabal Droz fue atropellada por el vehículo conducido por el señor Rodríguez Ortiz y por un vehículo KIA Sportage, del año 2019 y con la tablilla JAS220, conducido por el señor Portela Aparicio. Por lo ocurrido, la señora Mirabal Droz demandó a los referidos conductores, más a la señora Rivera Bernardi por esta aparecer como dueña registral del vehículo KIA Sportage, y a Universal por esta ser la aseguradora del referido vehículo KIA Sportage a la fecha de los hechos.

No obstante, el expediente demuestra que el 5 de agosto de 2021 la señora Rivera Bernardi firmó una orden de compra con Auto Mall para adquirir un vehículo KIA Carnival, del año 2022 y con la tablilla KA8L122, y entregó en *trade-in* el mencionado vehículo KIA Sportage. En tal orden de compra, se estableció que el balance adeudado, una vez restado el crédito por el vehículo dado en *trade-in*, sería financiado por FirstBank. Posteriormente, el 12 de agosto de 2021 el señor Portela Aparicio adquirió el vehículo KIA Sportage, financiado por FirstBank. En tales contratos surge que (1) la señora Rivera Bernardi y el señor Portela Aparicio pagaron doscientos veinte ($220.00) dólares y ciento veinte ($120.00) dólares, respectivamente, para la inscripción de sus vehículos; y (2) Auto Mall tiene intenciones de ceder ambos contratos a FirstBank. Más adelante, el 16 de septiembre de 2021 Auto Mall suscribió una declaración jurada de traspaso sobre el vehículo KIA Sportage. Luego, el 18 de noviembre de 2021 FirstBank presentó ante el Departamento de Transportación y Obras Públicas (DTOP) una solicitud de presentación de gravamen

mobiliario sobre el vehículo KIA Sportage, registrado a nombre del señor Portela Aparicio.

Ante todo lo ocurrido, la señora Rivera Bernardi contestó la demanda en su contra, más incluyó una demanda contra tercero y una demanda de coparte en las cuales alegó (1) que por Auto Mall y FirstBank (conjuntamente "apelados") incumplir en su obligación de inscribir el cambio de titular del vehículo dentro del término dispuesto por ley, tales actuaciones culposas y negligentes le provocaron a la apelante daños y gastos a una estimada suma no menor de quince mil ($15,000.00) dólares, por lo cual solicita una imposición de daños punitivos; (2) que por el señor Portela Aparicio conocer o tener que haber conocido de que el vehículo en controversia no había sido registrado bajo su nombre para la fecha de los hechos, este le ha provocado daños y gastos a la señora Rivera Bernardi por una suma no menor de cinco mil ($5,000.00) dólares; y (3) por Universal ser la aseguradora de los terceros demandados, este es responsable de la totalidad de la acción en contra de la señora Rivera Bernardi.

Luego de varios trámites procesales, el 15 de abril de 2024 Auto Mall, FirstBank y Universal solicitaron una sentencia sumaria parcial sobre las demandas contra terceros y de coparte y alegaron que la señora Rivera Bernardi no era la titular del vehículo al momento de los hechos, por lo cual se debería desestimar las demanda contra esta y, en consecuencia, las demandas de la señora Rivera Bernardi contra Auto Mall, FirstBank y Universal. Ante la falta de oposición escrita de alguna parte del pleito, el foro primario declaró ha lugar la antes referida solicitud y ordenó la desestimación de la demanda contra la señora Rivera Bernardi y las demandas de esta contra Auto Mall,

FirstBank y Universal. Sin embargo, dicho foro únicamente adjudicó la controversia sobre la titularidad del vehículo KIA Sportage al momento del accidente automovilístico, y no emitió alguna determinación sobre la falta de diligencia de inscribir el nuevo titular del vehículo en controversia y los daños que esta causó, si alguno.

Consecuentemente, el 2 de julio de 2024 la señora Rivera Bernardi solicitó reconsideración y alegó que (1) las partes antes referidas en este párrafo llegaron a un acuerdo transaccional; (2) la *Sentencia Sumaria Parcial* no resuelve todas las controversias relacionadas con la demanda de coparte y contra terceros, es decir, no se resolvieron las cuestiones que involucran el incumplimiento de Auto Mall y FirstBank en el proceso de traspaso del vehículo KIA Sportage, por lo cual el foro primario debe considerar el acuerdo; y (3) Auto Mall y FirstBank incumplieron con su obligación contractual y legal de tramitar correctamente el cambio de titularidad del vehículo. Además, la señora Rivera Bernardi, el señor Portela Aparicio, Universal y los apelados presentaron una moción conjunta en la cual informan haber llegado a un acuerdo para que se dé por desistida con perjuicio la totalidad de las reclamaciones de la señora Rivera Bernardi con relación a las demandas contra terceros y de coparte.

En su oposición a la reconsideración, FirstBank, Auto Mall y Universal argumentaron que los procedimientos extrajudiciales entre las partes dependían de que la señora Rivera Bernardi desistiera de las demandas contra terceros y de coparte, más que esta no respondió a la solicitud de sentencia sumaria dentro del término concedido por ley y el Tribunal. Por tanto, FirstBank, Auto Mall y Universal alegaron que

el acuerdo so tornó académica, ya que la señora Rivera Bernardi no tenía nada que cumplir. Evaluadas todas las mociones, el foro primario declaró sin lugar la solicitud de reconsideración de la señora Rivera Bernardi.

Insatisfecha, la apelante recurre ante este Tribunal y alega que el foro primario erró (1) al no tomar en consideración el acuerdo alcanzado entre esta y las apeladas; y (2) al desestimar la totalidad de la demanda contra tercero presentada por la apelante, a pesar de dicho foro omitir resolver las controversias relacionadas con la negligencia de Auto Mall y FirstBank en el proceso de cambio de titularidad y las relacionadas a la demanda de coparte contra el señor Portela Aparicio. En sus oposiciones, Auto Mall y FirstBank argumentan que, en resumidas cuentas, el foro primario no erró (1) por la causa de la transacción judicial desaparecer cuando el foro primario desestimó las demandas, por efecto, la razón por perfeccionar la transacción desvaneció; (2) por la apelante incumplir con el acuerdo, cual llevó a que eventualmente se convirtiera en académico la transacción; (3) por haberse realizado los procesos correspondientes para inscribir el vehículo en controversia bajo el nombre del nuevo titular; (4) al FirstBank no tener ninguna responsabilidad de presentar una declaración jurada, sino solo la presentación y registro de los documentos y gravámenes del vehículo; (5) por las leyes no prohibir el registro de un vehículo en DTOP cuando transcurren más de treinta (30) días, sino solamente impone una multa por cada mes que pase sin inscribirse el referido vehículo; (6) por el registro del vehículo retrotraerse al momento del negocio jurídico de traspaso; y (7) por la apelante no haber sido diligente en notificar al foro primario sobre los

procedimientos transaccionales que se estaban llevando a cabo y en oponerse a la solicitud de sentencia sumaria.

Vale recordar que el mecanismo procesal de la sentencia sumaria se rige por la Regla 36 de *Procedimiento Civil* y tiene como finalidad la solución justa, rápida y económica de litigios civiles que no contengan controversias genuinas de hechos materiales. Véase Regla 36 de Procedimiento Civil de 2009 (32 LPRA Ap. V); *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601 (2023) (citando a *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964 (2022)). Así, la Regla 36.2 permite que cualquiera de las partes pueda solicitar que se dicte sentencia sumaria sobre la totalidad o sobre cualquier parte de una reclamación. Regla 36.2 de Procedimiento Civil, *supra*. Véase, también, *Torres Pagán et al. v. Mun. de Ponce*, 191 DPR 583 (2014). A su vez, se ha establecido que el peticionario debe establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material, es decir, suficiente para que sea necesario dirimirlo en un juicio plenario. Regla 36.1 de Procedimiento Civil, *supra*; *Oriental Bank v. Caballero García*, 212 DPR 671 (2023) (citando a *Mun. de Añasco v. ASES et al.*, 188 DPR 307 (2013)). Véase, también, *Ramos Pérez v. Univisión*, 178 DPR 200 (2010) (citando a *Luan Invest. Corp. v. Rexach Const. Co.*, 152 DPR 652 (2000)).

Asimismo, la Regla 36 regula la oposición a que se dicte sentencia sumaria, la cual debe citar específicamente los párrafos enumerados que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente. Regla

36.3(b)(2) de Procedimiento Civil de 2009, *supra*. Como se puede apreciar, el oponente debe controvertir la prueba presentada con evidencia sustancial y no puede simplemente descansar en sus alegaciones. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664 (2018) (citando a *Rodríguez Méndez et al. v. Laser Eye*, 195 DPR 769 (2016); *Ramos Pérez v. Univisión, supra*). En la medida en que meras afirmaciones no bastan para derrotar una solicitud de sentencia sumaria, la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados. Íd.; *Ramos Pérez v. Univisión, supra*.

En cuanto al estándar de revisión aplicable, el Tribunal de Apelaciones utilizará los mismos criterios que el foro de primera instancia al determinar la correspondencia de la sentencia sumaria, aunque limitado a considerar aquellos documentos presentados en el foro primario y obligado a cumplir con la Regla 36.4 de *Procedimiento Civil*. Regla 36.4 de Procedimiento Civil, *supra*. Debemos, por tanto, examinar *de novo* el expediente y verificar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma; luego, revisar si en realidad existen hechos materiales en controversia y, de encontrar que los hechos materiales realmente están incontrovertidos, revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100 (2015).

A esos efectos, las demandas contra terceros son aquellas reclamaciones que un demandado formula contra un tercero que no es parte en el pleito y en el cual alega que este tercero es o puede ser responsable a la parte demandada por toda o parte de la reclamación

del demandante, o que es o puede ser responsable a cualquier parte del pleito. Regla 12.1 de Procedimiento Civil, *supra*. Véase, también, K.N. García Rosario, *Demandas contra terceros en responsabilidad civil extracontractual, a la luz de lo resuelto en Maldonado Rivera v. Suárez*, 59 Rev. Der. Pur. 193 (2020). Estas permiten que controversias surgidas de unos mismos hechos y relacionadas entre sí se diluciden en el mismo pleito, así promoviéndose la economía procesal y facilitando la pronta, pero eficaz, resolución de las controversias. *Maldonado Rivera v. Suárez y otros*, 195 DPR 182 (2016) (citando a *Gen. Accid. Ins. Co. PR v. Ramos*, 148 DPR 523 (1999); *Camaleglo v. Dorado Wings,* 118 DPR 20 (1986); *Colón Vargas et al. v. Coop. de Seguros Múltiples de PR et al.*, 111 DPR 568 (1981); J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2.ª ed., San Juan, Pubs. JTS, 2011, pág. 580). No obstante, el solo hecho de tener un mismo supuesto fáctico en común no es suficiente para añadir a un pleito nuevas controversias mediante la demanda contra tercero. Íd. (citando a *Colón Negrón et al. v. Mun. Bayamón*, 192 DPR 499 (2015); *Gen. Accid. Ins. Co. PR v. Ramos, supra*). Más bien, la demanda contra tercero depende de (1) que la reclamación contra tercero sea contingente al resultado de la demanda original; y (2) que exista una relación suficientemente estrecha entre la demanda original y la demanda contra tercero. Íd. (citando a *Colón Negrón et al. v. Mun. Bayamón et al., supra*).

Ahora bien, la doctrina de cosa juzgada procura poner fin a los litigios luego de los tribunales adjudicarlos de forma definitiva y, de este modo, garantizar la certidumbre y seguridad de los derechos declarados mediante las resoluciones judiciales y así evitar gastos

adicionales al Estado y a los litigantes. *Presidential v. Transcaribe*, 186 DPR 263 (2012) (citando a *Worldwide Food Dis., Inc. v. Colón et al.*, 133 DPR 827 (1993)). Asimismo, una sentencia que adviene final y firme constituye cosa juzgada no solo en cuanto a todo lo que se alegó y se admitió en torno a la reclamación presentada, sino también en cuanto a todo asunto que pudo haberse planteado, siempre y cuando haya tenido la parte la oportunidad de ser oída. *Comisión v. González Freyre et al.*, 211 DPR 579 (2023) (citando a *Marrero Rosado et al. v. Marrero Rosado*, 178 DPR 476 (2010)).

Claro, la defensa de cosa juzgada no opera de manera automática. No debe aplicarse inflexiblemente, en particular, cuando al hacerlo se desvirtúan los fines de la justicia, produce resultados absurdos o cuando se plantean consideraciones de interés público. *Meléndez v. García*, 158 DPR 77 (2002) (citando a *Pagán Hernández v. UPR et al.*, 107 DPR 720 (1978); *Feliciano Ruiz et al. v. Alfonso Develop. Corp.*, 96 DPR 108 (1968); *Millán Soto v. Caribe Motors*, 83 DPR 494 (1961); *PRTC v. Unión Indep. Emp. Telefónicos*, 131 DPR 171 (1992)). Su presunción se activa cuando concurre la perfecta identidad de causa, cosas, partes y calidad en que lo fueron en un pleito anterior. *Ortiz Matías et al. v. Mora Developmen*, 187 DPR 649 (2013) (citando al Art. 1204 del Código Civil de 1930, 31 LPRA ant. sec. 3343). En ese sentido, el requisito de causa existe cuando los hechos y los fundamentos de las peticiones son idénticos en torno a la cuestión planteada. *Presidential v. Transcaribe, supra*. Al determinar si media identidad de causa de acción es necesario evaluar si ambas reclamaciones surgen de la misma transacción o núcleo de hechos. Íd. Debe observarse, de su parte, que la cosa, objeto o materia sobre la

cual se ejercita la acción son las mismas, aunque se haya disminuido o alterado. Íd. En este contexto, las partes significan quienes intervienen en el proceso, a nombre y en interés propio, y quienes resultarían directamente afectados por la excepción de la cosa juzgada. Íd.

A la luz de lo anterior, la transacción es un contrato mediante el cual las partes dan, prometen o retienen cada una alguna cosa—es decir, mediante concesiones recíprocas—para evitar un pleito o poner fin a un litigio o a su incertidumbre sobre una relación jurídica. Art. 1497 del Código Civil de 2020, 31 LPRA sec. 10641; *Negrón Vélez v. ACT*, 196 DPR 489 (2016) (citando al Art. 1709 del Código Civil de 1930, 31 LPRA ant. sec. 4821). Bajo una interpretación restrictiva, las transacciones producen los efectos de la cosa juzgada. Arts. 1499 y 1500 del Código Civil de 2020, 31 LPRA secs. 10643, 10644. Véase, también, *Díaz Rodríguez v. García Neris*, 208 DPR 706 (2022). Claro, la eficacia de tal transacción depende del mismo aparecer en un escrito firmado por las partes o en una resolución o una sentencia dictada por el Tribunal. Íd., sec. 10647. Asimismo, la transacción será inválida cuando (1) la situación que la genera no se corresponde con los hechos reales y el litigio o la incertidumbre no hubiere aparecido de haberse conocido la situación real; (2) incluye títulos total o parcialmente inexistentes; (3) incluye títulos sobre los cuales se ignora que existe otro mejor; (4) incluye aspectos sobre los cuales se ignora que ya están resueltos mediante sentencia firme; o (5) la efectividad de una prestación es insegura. Íd., sec. 10648.

Dentro del contexto ya explicado, un caso se convierte en académico cuando durante el trámite judicial ocurren cambios fácticos o judiciales que tornan en académica o ficticia su solución. *Super*

*Asphalt v. AFI y otro*, 206 DPR 803 (2021) (citando *Amador Roberts et al. v. ELA*, 191 DPR 268 (2014)). Por ello, un caso es académico cuando se trata de obtener un fallo sobre una controversia inexistente o una sentencia que, por alguna razón, no podrá tener efectos prácticos. Íd. (citando a *Amador Roberts et al. v. ELA, supra*). A esos efectos, un foro judicial carece de jurisdicción para atender un recurso que adolece de academicidad y tal debe abstenerse de considerar los méritos de ese caso. *Super Asphalt Pavement v. AFI et al., supra* (citando a *CEE v. Dpto. de Estado*, 134 DPR 927 (1993); *Amador Roberts et al. v. ELA, supra*).

Por otro lado, el Código Civil de 2020 obliga a cualquier persona reparar el daño que causó por culpa o negligencia. Art. 1536 del Código Civil de 2020, 31 LPRA sec. 10801. De la parte perjudicada reclamar resarcimiento por los daños sufridos, esta deberá establecer (1) la existencia de un daño real; (2) el nexo causal entre el daño y la acción u omisión del demandado; y (3) el acto u omisión cual tiene que ser culposo o negligente. *Pérez Hernández et al. v. Lares Medical et al.*, 207 DPR 965 (2021) (citando a *López v. Porrata Doria*, 169 DPR 135 (2006)). De haber varias personas que causaron los alegados daños por actos independientes de culpa o negligencia, la responsabilidad de estos frente al perjudicado será solidaria sin perjuicio del derecho de nivelación entre los cocausantes. Art. 1539 del Código Civil de 2020, 31 LPRA sec. 10804.

Por último, la *Ley de Vehículos y Tránsito* dispone que el Secretario del DTOP (Secretario) deberá establecer y mantener un registro actualizado de todos los vehículos de motor autorizados a transitar por las vías públicas de Puerto Rico. Art. 2.05 de la Ley

Núm. 22-2000 (9 LPRA sec. 5006). El Secretario deberá mantener actualizados tal registro en caso de venta o traspaso de algún vehículo de motor, a fines de que el marbete de este concuerde con la información del dueño del vehículo adquirido. Asimismo, el Secretario deberá notificar a la Administración de Suscripción Conjunta de Seguro Obligatorio (ASC), así como la Administración de Compensación por Accidentes Automovilísticos (ACAA), sobre cualquier cambio o actualización del número de tablilla con el marbete o del vehículo. Íd.

Conforme lo anterior, el registro de vehículos deberá contener, entre otros, información sobre (1) la descripción del vehículo de motor e incluir la marca, modelo, color, tipo, caballos de fuerza de uso efectivo, número de serie y el número de identificación; (2) el nombre y la dirección residencial y postal del dueño y/o conductor certificado; y (3) cualquier acto de enajenación o gravamen relacionado con el vehículo de motor o su dueño y/o conductor certificado. Íd. Claro, todo esto dependerá, en lo pertinente a nuestro caso, que el concesionario y acreedor financiero tramiten el traspaso del vehículo de motor en DTOP dentro de los treinta (30) días de realizarse el mismo. Íd., sec. 5041. Del concesionario y/o acreedor financiero radicar el traspaso transcurrido los treinta (30) días, este vendrá obligado a pagar diez ($10) dólares adicionales por cada mes o fracción de mes que haya transcurrido mediante comprobante de rentas internas. Íd. Si no se inscribe el vehículo de motor en el registro, el Secretario no podrá expedir el permiso y certificado de título, aunque luego de inscrito sus efectos se retrotraerán a la fecha en que se formalizó el documento de traspaso. Íd., sec. 5042.

La misma *Ley de Vehículos y Tránsito* categoriza las razones por la cual se rehusará inscribir un vehículo de motor cuando: (1) la inscripción resultare en la violación de esta Ley o cualquier otra ley o reglamento aplicable; (2) la información suministrada en el documento de traspaso fuere falsa o insuficiente; (3) no se cumplieren los requisitos que para el traspaso de vehículos de motor se establecen en esta Ley; y (4) no se hubieren pagado los derechos de inscripción del traspaso o el vehículo estuviese gravado con cualquier tipo de gravamen, con ciertas excepciones. Íd., sec. 5043. De no cumplirse los requisitos necesarios para la inscripción, el Secretario así se lo comunicará por escrito a las partes interesadas. Íd.

En el presente caso, el Tribunal de Primera Instancia erró al desestimar las demandas contra terceros y de coparte de la señora Rivera Bernardi. Del expediente se desprende que el foro primario no adjudicó sobre la controversia de la falta de diligenciamiento de Auto Mall y FirstBank, esto a pesar de la señora Rivera Bernardi haber solicitado remedios por daños en su demanda contra tercero por el incumplimiento obligacional y la culpa y negligencia de los apelados. Más bien, el foro primario únicamente adjudicó la controversia sobre la titularidad de la apelante al momento del accidente automovilístico, en tanto que los apelados solicitaron que se resolviera esta controversia sumariamente y que, por mero efecto de ello, se desestimara la demanda contra tercero de la señora Rivera Bernardi. Por tanto, al estar todavía pendiente la resolución de una de las controversias presentadas por la apelante, el foro primario deberá evaluar y adjudicar, en sus méritos, las consecuencias de la falta de

diligencia de los apelados, si determinara alguna, y de ser así, su valorización.

Por los fundamentos expresados, revocamos la *Sentencia Sumaria Parcial* recurrida y devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procesos del litigio.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez emite voto disidente por escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| DIANA ROSAMYS MIRABAL |  | ***Apelación*** procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón |
|---|---|---|
| Apelada |  |  |
| vs. |  |  |
| XAVIER ENRIQUE PORTELA APARICIO Y OTROS | KLAN202400749 | Civil Núm.: GB2023CV00224 |
| Apelante |  | Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

### VOTO DISIDENTE DE LA JUEZA GRANA MARTÍNEZ

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir un caso o controversia. *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499 (2019); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 854 (2009). El foro judicial está obligado a auscultar si posee jurisdicción aun cuando no exista un señalamiento expreso de las partes a esos fines. *Báez Figueroa v. Adm. Corrección*, supra, pág. 298; *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020); *Constructora Estelar v. Aut. Edif. Pub.*, 183 DPR 1 (2011); *Dávila Pollock et als. v. R.F. Mortgage*, 182 DPR 86, 97 (2011). En ese ejercicio, los tribunales tienen el deber ineludible de auscultar su propia jurisdicción, así como la del foro de donde procede el recurso que deben atender, pues la falta de jurisdicción sobre la materia puede plantearse en cualquier etapa del procedimiento, por cualquiera de las partes o por el tribunal a instancia propia. *Báez Figueroa v. Adm. Corrección*, supra, págs.

298-299; *Beltrán Cintrón et al. v. ELA et al.*, supra, pág. 102; *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372–373 (2018). Y es que, la falta de jurisdicción: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *S.L.G. Sola-Maldonado v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *González v. Mayagüez Resort & Casino*, supra, pág. 855; *Vázquez v. Administración de Reglamentos y Permisos*, 128 DPR 513, 537 (1991).

Por otro lado, cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra tercero, o figuren en él partes múltiples, **el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que concluya expresamente que no existe razón para posponer que se dicte sentencia sobre tales reclamaciones hasta la resolución total del pleito, y siempre que ordene expresamente que se registre la sentencia.** Cuando se haga la referida conclusión y orden expresa, la sentencia parcial dictada será final para todos los fines en cuanto a las reclamaciones o los derechos y las obligaciones en ella adjudicada, y una vez sea registrada y se archive en autos copia de su notificación, comenzarán a transcurrir en lo que a ella respecta los términos dispuestos en las Reglas 43.1, 47, 48 y 52.2. 32 LPRA Reg. 42.3.



La Regla 42.3 de Procedimiento Civil, *supra*, permite a los tribunales dictar sentencia parcial, en pleitos en los que existe más de una reclamación o partes múltiples, esto sin necesidad de disponer de la totalidad del pleito. No obstante, siempre tienen que concluir expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones, hasta la resolución total del pleito y ordenar el registro de la sentencia. Ausente ambos requisitos, cualquier orden o forma de decisión que adjudique menos de la totalidad de las partes, no finaliza el pleito y se entiende que es una resolución interlocutoria. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 95 (2008).

El Tribunal Supremo de Puerto Rico ha reconocido que los tribunales pueden dictar sentencias parciales finales, cuando no existe razón para continuar con el pleito contra alguna de las partes. *Rodríguez et al v. Hospital et al,* 186 DPR 889, 906 (2012); *García v. Padró,* 165 DPR 324, 333 (2005). Dicha sentencia será final para todos los fines, en lo que respecta a las reclamaciones, derechos y obligaciones adjudicados. Sin embargo, ese efecto está atado a que el tribunal haya hecho la referida conclusión. Los términos establecidos en las Reglas 43.1, 47, 48 y 52.2 de Procedimiento Civil comenzarán a transcurrir, una vez la sentencia haya sido registrada y se haya archivado en autos copia de su notificación. Regla 42.3, *supra*.

Surge de la Sentencia Sumaria Parcial cuya revisión se nos solicita que, el foro recurrido concluyó expresamente que no existía razón para posponer dictar sentencia sobre las reclamaciones hasta la resolución total del pleito. No obstante, omitió ordenar expresamente el registro de esta tal como exige la reglamentación.

Por tal razón, concluyo que el dictamen cuya revisión se nos solicita no es uno final y firme susceptible de apelación. No puedo atribuirle al Formulario OAT 1812 el cumplimiento que exige la

Regla 42.3, *supra*. A mi juicio, la orden de registro y notificación tiene que formar parte de la sentencia cuya apelación se solicita, por lo que desestimaría el recurso por falta de jurisdicción ante su presentación prematura.

En San Juan, Puerto Rico, a 30 de octubre de 2024.

GRACE M. GRANA MARTÍNEZ
Jueza de Apelaciones