Brau Ramírez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
I
La parte apelante Royal & Sunalliance Insurance Co. (“Royal") solicita la revisión de una sentencia sumaria emitida el 24 de abril de 2003 por el Tribunal de Primera Instancia, Sala de Ponce, que desestimó la demanda en cobro de dinero presentada por Royal contra la parte apelada Liquilux Gas Corporation Puerto Rico (“Liquilux").
Revocamos.
II
Según se desprende del recurso, Royal es una corporación autorizada a hacer negocios en Puerto Rico *594 dedicada, entre otras cosas, a expedir pólizas de seguro.
Por su parte, Liquilux es también una corporación autorizada a realizar negocios en Puerto Rico, dedicada a proveer servicios de gas.
Para la fecha de los hechos, Royal había emitido una póliza de seguros para cubrir pérdidas ocasionadas por las actividades de Liquilux. 
La póliza en cuestión establecía un deducible de $25,000.00 de cualquier pago que Royal viniese obligada a realizar por concepto de pérdidas por daño físico (“bodily injury”). La póliza disponía, sobre este particular:

“This Company [Royal] may pay any part of all of the deductible amount to effect settlement of any claim or suit and, upon notification of the action taken, the first named insured shall promptly reimburse to this company, for such part of the deductible amount as has been paid by us. ”

El contrato de seguro no indicaba, de otro modo, que Royal requiriese la autorización de Liquilux para transigir una reclamación instada bajo la póliza.
El 6 de abril de 1992, dentro de la fecha de vigencia de la póliza, ocurrió un accidente en la Escuela Fraternidad ubicada en el Barrio Ciénaga de Guánica, cuando dos empleadas de dicho plantel, las Sras. Erisaida Martínez Cintrón y Efigenia Martínez Cintrón se intoxicaron con gas proveniente de unos tanques instalados por Liquilux. Las empleadas sufrieron vómitos, nauseas y mareos y tuvieron que ser llevadas al Hospital de Area de Yauco, donde recibieron atención.
Posteriormente, las empleadas instaron una demanda por daños y perjuicios contra Liquilux y Royal, ante el Tribunal de Primera Instancia, Sala Superior de Ponce, solicitando compensación por los daños ocasionados, caso núm. JDP94-0009.
Liquilux le notificó a Royal de la reclamación. Royal procedió a brindarle representación legal a Liquilux en el caso según Royal, venía obligada a hacerlo, bajo los términos de la póliza. El Ledo. Edmundo Vázquez fue designado para representar a Liquilux. Royal le recordó a Liquilux que existía un deducible de $25,000.00 que debía ser restado de cualquier pago que Royal tuviera que realizar.
El Ledo. Vázquez contestó la demanda a nombre de Liquilux, negando las alegaciones. Posteriormente, las partes entraron en negociaciones para llegar a una transacción.
El 18 de septiembre de 1996, el Ledo. Vázquez escribió a Royal expresando su opinión de que “[ejste caso parece inclinarse a nuestro favor, a menos que el Tribunal ponga en vigor y efecto la doctrina del ‘Ay bendito’, en cuyo caso, podría el mismo resultar en una sentencia sustancial. ”
En su misiva, el Ledo. Vazquez advertía:

“En todo litigio existe un riesgo, para ambas partes, de que el Tribunal le falle en contra. Por eso se acuerdan transacciones en casos donde aparentemente no hay negligencia o la negligencia es cuestionable o mínima. Sin embargo, esas transacciones deben estar enmarcadas dentro de lo que es razonable y financieramente factible.

A estas alturas, mi opinión es que el caso tendrá que ventilarse en sus méritos. ”

Existe controversia entre las partes sobre si, bajo los términos del acuerdo existente entre las partes, Liquilux *595 venía obligada a autorizar cualquier transacción de la reclamación en su contra llevada a cabo por Royal. Royal plantea que dicha autorización resultaba innecesaria, señalando que el contrato de póliza, que gobernaba la relación entre las partes, no incluia dicho requisito.
Por su parte, Liquilux señala que dicho requisito fue tácitamente incorporado a la póliza, mediante las actuaciones de Royal.
Liquilux señala que las partes se reunieron el 4 de septiembre de 1997 para discutir el caso. Estaba presente el Ledo. Vázquez, el Sr. Angel Rivera, Vicepresidente y Gerente General de Liquilux, así como oficiales de Royal y de First Insurance Company, quien también había emitido una póliza a favor de Liquilux y quien actuaba como agente de ésta. Supuestamente, en dicha reunión se aclaró que Royal requería el consentimiento de Liquilux para transar el caso.
Con posterioridad a la reunión, el 8 de septiembre de 1997, el Ledo. Arturo Ortiz de First Insurance Company escribió a Royal expresando, entre otras cosas:

“Bajo contrato de seguros, su compañía se comprometió a proveer defensa a Liquilux. Por esta razón, cuando surja alguna posibilidad de transacción en el presente caso, el licenciado Vázquez no debe confrontar ningún problema para comunicarse con Liquilux (su cliente) y de esta forma obtener la autorización que usted indicó se requiere. Desde nuestro punto de vista no debe existir ninguna dificultad entre abogado y cliente para comunicarse el uno con el otro y evaluar las ofertas de transacción que puedan surgir. ”

Por otro lado, de no crearse el ambiente propicio para lograr una transacción y llegar el día del juicio, no vemos razón que impida coordinar una reunión entre el licenciado Vázquez y el señor Rivera para, de ser necesario, autorizar a éste a transar el caso por la suma que en su momento se estime pertinente.

El 14 de julio de 1998, Royal escribió a First Insurance Group notificándole que el caso se había señalado para los días 26 y 27 de agosto de 1998. En su carta, Royal señaló que, existiendo un deducible de $25,000.00, resultaba indispensable que algún oficial de Liquilux estuviera presente en el Tribunal durante el señalamiento, en caso de que existiera la posibilidad de transigir el caso.

El 28 de julio de 1998, Liquilux escribió a Royal expresando que, luego del 4 de septiembre de 1997, no había vuelto a recibir comunicación del Ledo. Vázquez. Liquilux solicitó que Royal le proveyera un resumen de las gestiones del Ledo. Vázquez incluyendo, entre otras cosas, “si actualmente existe un ambiente para transar el caso (y por cuánto) y la opinión del licenciado Vázquez con respecto a la [transacción] y una enumeración de las ofertas de transacción que ha hecho la parte demandante a través del litigio. ”

En respuesta a dicha carta, el 6 de agosto de 1998, el Ledo. Vázquez escribió a Liquilux informándole que su carta anterior del 18 de septiembre de 1996 “aún tiene vigencia”. En su carta, el Ledo. Vázquez expresó:

“Se trata de un caso de credibilidad. Si el tribunal le cree a la demandante, el caso es costoso. Si no le cree, lo desestima.

Existe, sin embargo, la posibilidad de comprar el riesgo, pero es necesario tener en mente que los primeros $25,000.00 de cualquier pago deben ser sufragados por el asegurado. Por eso, necesito autorización de Liquilux para ofrecer hasta el máximo de ese deducible o, en su defecto, que un oficial de Liquilux, con la debida autoridad, esté presente en el juicio para ofrecer dentro del límite de dicho deducible. Por supuesto, cualquier transacción en exceso de ese límite sería aprobada por Royal Insurance. Estoy seguro que Royal me extenderá esa autorización previo al juicio. ”

*596 Posteriormente, el 19 de agosto de 1998, Royal llegó a un acuerdo con las demandantes en el caso JDP94-0009 para transigir la reclamación por la cantidad de $75,000.00. La estipulación fue suscrita, a nombre de la parte demandada, por el Ledo. Vázquez. Liquilux no fue consultada, previo a suscribirse el acuerdo.
La estipulación fue admitida por el Tribunal de Primera Instancia, poniéndose fin al litigio. Royal pagó la totalidad de la suma acordada.
El 9 de noviembre de 1998, Royal notificó a Liquilux sobre la transacción y requirió a ésta que le reembolsara los $25,000.00 del deducible. Liquilux se negó a pagar, alegando que, según las representaciones del Ledo. Vázquez, el caso en su contra era favorable.
Así las cosas, el 9 de febrero de 1999, Royal procedió a instar la presente acción en cobro de dinero contra Liquilux ante el Tribunal de Primera Instancia, solicitando el pago del deducible bajo la póliza.
Liquilux contestó la demanda, negando las alegaciones. Planteó que no venía obligada a pagar el deducible en cuestión, toda vez que Royal había incumplido con su propia obligación de solicitar la autorización de Liquilux para el otorgamiento de la transacción.
Oportunamente, Royal presentó una moción de sentencia sumaria, alegando que no existía controversia en torno a que Royal había pagado $75,000.00 para transigir la reclamación contra Liquilux y a que, bajo los términos claros de la póliza, Liquilux venía obligada a reembolsar a Royal el deducible de $25,000.00.
Liquilux- contestó la moción de Royal y solicitó, a su vez, que el Tribunal emitiera sentencia sumaria a su favor, insistiendo en que no venía obligada a pagar, debido a que Royal había incumplido su obligación de solicitar su autorización para la transacción.
Las partes también sometieron escritos adicionales en apoyo a sus respectivas posiciones. Junta con sus escritos, las partes presentaron las comunicaciones mencionadas. Royal también presentó la transcripción de una deposición tomada al Ledo. Vázquez.
En su deposición, el Ledo. Vázquez declaró que Liquilux había brindado una interpretación “incorrecta” a su manifestación de que se requería una autorización del asegurado para la transacción. Explicó:

“Cuando yo estoy hablando ahí de que me den una autorización, es para que me digan a mí que yo tengo hasta tal cantidad para empezar a negociar; pero eso no quiere decir que yo no puedo hacerlo si él no me autoriza los veinticinco porque la póliza le da a la compañía autorización para hacerlo en cualquier momento. Eso fue una cortesía de la compañía. ”

El Ledo. Vázquez indicó que él no requería una autorización de Liquilux para transigir el caso. Explicó que “se le pidió la autorización por materia de cortesía a un cliente, pero la compañía no tiene porqué pedirle autorización para transigir a ningún... asegurado, excepto en aquellas pólizas de 'malpractice' que así lo exigen. ”
El 24 de abril de 2003, mediante la sentencia apelada, el Tribunal acogió la posición de Liquilux y desestimó sumariamente la demanda.
En su sentencia, el Tribunal concluyó que Royal se había comprometido “a contar con la participación y consentimiento de Liquilux en el supuesto de que entrara en conversaciones para transigir con el pleito Erizaida Martínez Cintrón, lo que incumplió. ”
*597 El Tribunal determinó que “[l]a obligación asumida por Royal de consultar y obtener autorización de Liquilux, previo a transigir el pleito, constituyó una novación en el contrato de seguros, por lo que la aseguradora quedó obligada a su fiel cumplimiento. ”
El Tribunal también expresó que “[l]as representaciones y actuaciones de Royal establecen sin lugar a dudas que se enmendaron los términos y condiciones de la póliza, constituyéndose una novación del contrato por razón de que dichas representaciones eran contrarias e incompatibles con las que sustituían. ”
El Tribunal procedió a dictar sentencia sumaria desestimando la demanda de Royal.
Royal solicitó reconsideración del dictamen del Tribunal y presentó, además, una solicitud de determinaciones adicionales de hechos. El 5 de junio de 2003, el Tribunal de Primera Instancia denegó ambas solicitudes.
Insatisfecha, Royal acudió ante este Tribunal.
III
En su recurso, Royal plantea que el Tribunal de Primera Instancia erró al adjudicar el caso sumariamente.
La Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.3, según se conoce, autoriza al tribunal a dictar sentencia sumaria cuando "no existe controversia real sustancial en cuanto a ningún hecho material y ... como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente." Partido Acción Civil v. Estado Libre Asociado de Puerto Rico, 150 D.P.R. _ (2000); 2000 J.T.S. 33, a la pág. 681; Piñero v. A.A.A., 146 D.P.R. 890, 904 (1998); Soc. de Gananciales v. Vélez & Asoc., 145 D.P.R. 508, 526 (1998); Tello v. Eastern Airlines, 119 D.P.R. 83, 86 (1987); Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714, 720 (1986).
El Tribunal Supremo de Puerto Rico ha aclarado, sin embargo, que la sentencia sumaria sólo procede en casos claros cuando el Tribunal tiene ante sí la verdad sobre todos los hechos pertinentes y no hace falta una vista evidenciaría. Rosario Ortiz v. Nationwide Mutual Insurance Co., 158 D.P.R. _ (2003), 2003 J.T.S. 34, a la pág. 641; Rivera Rodríguez v. Departamento de Hacienda, 149 D.P.R. _ (1999), 99 D.P.R. 144, a la pág. 53; J.A.D.M. v. Centro Com. Plaza Carolina, 132 D.P.R. 785, 802 (1993).
Si existen dudas sobre la procedencia de la sentencia sumaria, el Tribunal debe brindar a las partes la oportunidad de una vista evidenciaría: véanse, Hernández Villanueva v. Hernández, 150 D.P.R. _ (2000), 2000 J.T.S. 26, a la pág. 608; Rivera Rodríguez v. Departamento de Hacienda, 99 J.T.S. 144, a la pág. 53; Rivera v. Superior Pkg., Inc., 132 D.P.R. 115, 133 (1992).
La parte que solicita la sentencia sumaria tiene que demostrar que no hay controversia real sustancial en cuanto a ningún hecho material y que procede se dicte sentencia a su favor como cuestión de ley. La parte opositora se ve entonces en posición de poner en controversia los hechos presentados por el promovente. Soto v. Rivera, 144 D.P.R. 500, 518 (1997); Pilot Life Ins. Co. v. Crespo Martínez, 136 D.P.R. 624, 632 (1994).
Una vez la moción de sentencia sumaria ha sido presentada y se sostenga en la forma provista por la Regla 36 de las de Procedimiento Civil, la parte contraria no puede descansar solamente en las aseveraciones o negaciones contenidas en su demanda, sino que viene obligada a contestar en forma tan detallada y específica, como lo hubiere hecho la parte promovente, exponiendo los hechos pertinentes a la controversia que demuestren que existe una controversia real que debe ser dilucidada en un juicio. Audiovisual Lang. v. Sist. Est. Natal Hermanos, 144 D.P.R. 563, 576 (1997); Pilot Life Insurance Company v. Crespo Martínez, 136 D.P.R. a la pág. 633.
*598 No obstante, el sólo hecho de no presentar evidencia que controvierta la presentada por la parte promovente, no implica que la sentencia sumaria procederá de manera automática. Jusino Figueroa v. Walgreens of San Patricio, Inc., 155 D.P.R. _ (2001), 2001 J.T.S. 154, a la pág. 373.
Tiene que haber quedado demostrado que la parte promovida no tiene derecho alguno bajo cualquier circunstancia discernible de las alegaciones que no hayan sido refutadas. Asoc. de Pescadores de Punta Figueras, Inc. v. Marina de Puerto del Rey, 155 D.P.R. _ (2002), 2002 J.T.S. 4, a la pág. 583; García Rivera v. Enriquez Marín, 153 D.P.R. _ (2001), 2001 J.T.S. 15, a la pág. 820.
La moción debe ser evaluada de la forma más favorable a la parte que se opone a la solicitud de sentencia sumaria y toda inferencia que se haga a base de los hechos y documentos presentados, debe ser interpretada de manera favorable a dicha parte. Management Administration Services Corp. v. Estado Libre Asociado, 152 D.P.R. _ (2000), 2000 J.T.S. 189, a las págs. 440-441.
Al dictar sentencia sumaria, el tribunal: (1) analizará los documentos que acompañan la moción solicitando sentencia sumaria y los documentos incluidos con la moción de oposición y aquéllos que obren en el expediente del tribunal; (2) determinará si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. El tribunal no debe dictar sentencia sumaria cuando: (1) existen hechos materiales no controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; o (4) como cuestión de derecho no procede. PFZ Props., Inc. v. Gen. Acc. Ins. Co., 136 D.P.R. 881, 913 (1994).
El Tribunal Supremo de Puerto Rico ha advertido que el procedimiento sumario no permite que el Tribunal dirima cuestiones de credibilidad. PFZ Props., Inc. v. Gen. Acc. Ins. Co., 136 D.P.R. a la pág. 912; Col. Ing. Agrim. P.R. v. A.A.A., 131 D.P.R. 735, 781 (1992).
El Tribunal también ha advertido que el uso de este mecanismo no es apropiado en casos en los que están envueltos elementos subjetivos o de intención. Soto v. Hotel Caribe Hilton, 137 D.P.R. 294, 301 (1994); véanse, además, Rosario Ortiz v. Nationwide Mutual Insurance Co., 2003 J.T.S. 34, a las págs. 641-642; Rivera Rodríguez v. Departamento de Hacienda, 99 J.T.S. 144, a la pág. 53; Piñero v. A.A.A., 146 D.P.R. 890, 904 (1998), 98 J.T.S. 140, a la pág. 216; Rodríguez Meléndez v. Sup. Amigo, Inc., 126 D.P.R. 117, 135 (1990).
En el presente caso, según hemos visto, se trata de un contrato de seguro entre Royal y Liquilux, que fue objeto de reclamación por las partes demandantes en el caso JDP94-0009. El Tribunal Supremo de Puerto Rico ha aclarado que este tipo de relación está regida principalmente por el contrato de seguros suscrito entre las partes, López v. Atlantic Southern Ins. Co., 158 D.P.R. _ (2003), 2003 J.T.S. 14, a la pág. 511; Maríntez Pérez v. U.C.B., 143 D.P.R. 554, 562 (1997); y que la responsabilidad de la compañía aseguradora está limitada por los términos de la póliza. Díaz Ayala et al. v. E.L.A., 153 D.P.R. _ (2001), 2001 J.T.S. 49, a la pág. 1069; Gen. Accid. Ins. Co. P.R. v. Ramos, 148 D.P.R. 523, 531 (1999); 26 L.P.R.A. sec. 2003.
En el presente caso, Royal ha reclamado que, conforme a los términos específicos de la póliza entre las partes, Liquilux se obligó a asumir un deducible de $25,000.00 sobre cualquier reclamación pagada por Royal. Royal alega que, habiendo pagado $75,000.00 para transigir la reclamación instada contra Liquilux en el caso JDP94-0009, la apelada venía obligada a reembolsarle la cantidad del deducible.
Por su parte, Liquilux plantea que Royal venía obligada a solicitar su autorización para transigir el caso, lo que Royal omitió hacer. Aunque dicha obligación no está expresamente consignada en la póliza, Liquilux plantea que la misma fue asumida por Royal mediante las comunicaciones cursadas entre las partes, lo que constituyó una novación del contrato. El Tribunal de Primera Instancia, según hemos visto, admitió dicha contención.
*599 Lo cierto es que, según se conoce, en nuestra jurisdicción rige la teoría de la subjetividad en la interpretación de los contratos. Aunque la interpretación del contrato debe partir de los términos empleados por las partes, es más bien la intención y verdadera voluntad de éstas, la que gobierna la interpretación del contrato. Marcial Burgos v. Tomé, 144 D.P.R. 522, 537 (1997); Unisys v. Ramallo Brothers, 128 D.P.R. 842, 852-853 (1991); Ramírez, Segal & Latimer v. Rojo Rigual, 123 D.P.R. 161, 173 (1989); Marina Ind., Inc. v. Brown Boveri Corp., 114 D.P.R. 64, 69 (1983).
En el presente caso existe controversia real sustancial entre las partes sobre si, bajo los términos del acuerdo existente, Royal venía obligada a solicitar la autorización de Liquilux para poder transigir la reclamación instada contra ésta y si dicha omisión constituye un fundamento para eximir a Liquilux de pagar el deducible pactado.
El Tribunal de Primera Instancia concluyó que las cartas cursadas entre las partes habían tenido el efecto de novar los términos de la póliza, pero dicha interpretación aparece contradicha por Royal, quien ha aseverado lo contrario.
El Tribunal Supremo de Puerto Rico ha señalado que la novación nunca se presume, sino que ha de ser acreditada sin género alguno de duda. La misma “es siempre una cuestión de intención.” Constructora Bauzá v. García López, 129 D.P.R. 579, 599 (1992); Warner Lambert Co. v. Tribunal Superior, 101 D.P.R. 378, 389 (1973).
En la situación de autos, somos de la opinión que efectivamente existía controversia real sustancial entre las partes sobre lo pactado por éstas, por lo que el Tribunal de Primera Instancia no debió de haber adjudicado el caso sumariamente.
La distinguida Sala recurrida parece haber entendido que contaba con toda la prueba que habría de ser ofrecida por las partes, por lo que estaba en posición de emitir sentencia a base de las deposiciones y otros documentos que fueron presentados. La citada Regla 36.3 de las de Procedimiento Civil, sin embargo, hace necesaria la celebración de una vista en sus méritos cuando existe controversia entre las partes sobre los hechos materiales de una causa, independientemente de que las partes puedan identificar de antemano los testimonios que habrán de utilizar para sostener sus posiciones. Téngase en cuenta que en esta etapa el Tribunal no debe dirimir cuestiones de credibilidad. Rosario Ortiz v. Nationwide Mutual Insurance Co., 2003 J.T.S. 34, a la pág. 642; PFZ Props., Inc. v. Gen. Acc. Ins. Co., 136 D.P.R. a la pág. 912; Col. Ing. Agrim. P.R. v. A.A.A., 131 D.P.R. a la pág. 781.
En el presente caso, se trata precisamente de una controversia sobre la intención de las partes al otorgar el contrato de póliza, la que no resulta adjudicable por la vía sumaria. Compárense, Rosario Ortiz v. Nationwide Mutual Insurance Co., 2003 J.T.S. 34, a las págs. 641-642; PFZ Props., Inc. v. Gen. Acc. Ins. Co., 136 D.P.R. a la pág. 912; véase, además, Soto v. Hotel Caribe Hilton, 137 D.P.R. a la pág. 301.
Aun si pudiese concluirse que Royal venía obligada a solicitar la autorización de Liquilux previo a transigir la reclamación, no está claro que la omisión de hacerlo constituya una defensa absoluta contra la reclamación de reembolso de Royal. Está claro, en este sentido, que el pago de Royal fue realizado en beneficio de Liquilux. De concluirse que dicho pago fue hecho al margen del contrato existente entre ambas partes, el mismo tal vez podría resultar gobernado por el Art. 1,112 del Código Civil de Puerto Rico, que dispone que “[e]l que pagare por cuenta de otro, podrá reclamar del deudor lo que hubiese pagado, a no haberlo hecho contra su expresa voluntad.” El precepto añade que “[e]n este caso sólo podrá repetir del deudor aquéllo en que le hubiera sido útil el pago.” 31 L.P.R.A. sec. 3162.
En la situación de autos, no está claro que el pago hecho por Royal no hubiese sido útil a Liquilux. Existe controversia entre las partes, en este sentido, sobre si la transacción efectivamente benefició a Liquilux o si, por el *600 contrario, hubiera resultado preferible que la reclamación contra Liquilux hubiese sido ventilada en sus méritos, por contar dicha parte con una probabilidad sustancial de prevalecer en la causa.
Consideramos, en estas circunstancias, que el Tribunal de Primera Instancia no debió de haber adjudicado la controversia de forma sumaria.
Por los fundamentos expresados, se revoca la sentencia apelada. Se devolverá el asunto al foro de Primera Instancia para procedimientos consistentes con este dictamen.
Lo pronunció y lo manda el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 2003 DTA 150
1. La póliza en cuestión fue originalmente emitida por Royal en 1989 a favor de Puerto Rico Fuels, Inc. Liquilux fue incluida como asegurada bajo dicho contrato, mediante endoso suscrito el 30 de junio de 1991.