Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| SOFÍA PÉREZ TOLEDO<br><br>Apelante<br><br><br>v.<br><br><br>JESSICA ALICEA RUIZ<br>Y OTROS<br><br>Apelada | KLAN202301164 | Apelación procedente del Tribunal de Primera Instancia, Sala de Arecibo (Camuy)<br><br>Sobre:<br>Acción Reivindicatoria<br><br>Caso Número:<br>AR2022CV00645 consolidado con AR2022CV00647 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de febrero de 2024.

La apelante, señora Sofía Pérez Toledo, comparece ante nos para que revoquemos la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala de Camuy, el 30 de noviembre de 2023, notificada a las partes el 5 de diciembre de 2023. Mediante la misma, el foro primario desestimó una demanda contra terceros por esta promovida en contra del señor Miguel Ortiz Arocho, su señora esposa y la Sociedad Legal de Gananciales por ambos compuesta y Universal Properties Real State, LLC (apelados). Lo anterior, dentro de una acción civil sobre reivindicación y desahucio incoada en contra de la señora Jessica Alicea Ruiz, su señor esposo, Salvador Ruiz y la Sociedad Legal de Gananciales por ambos compuesta (demandados).

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia Parcial* apelada.

**I**

El 13 de abril de 2022, la apelante presentó la acción de reivindicación de epígrafe. En esencia, alegó ser la titular a pleno dominio de un inmueble sito en el barrio Aibonito del municipio de Hatillo, en el que enclava una propiedad residencial. Conforme adujo, un mes antes, advino al conocimiento de que los demandados estaban llevando a cabo actos de dominio en la misma. En específico, indicó que estaban utilizando la propiedad como su residencia y que llevaban a cabo remodelaciones no autorizadas en la misma, todo sin tener derecho a ello. Según expuso, tras efectuar las gestiones correspondientes, los demandados le indicaron haber adquirido la propiedad mediante pública subasta.

La apelante adujo haber cursado una misiva a los demandados informándole el carácter ilegal de la posesión que detentaban y solicitándole el desalojo. No obstante, afirmó que estos continuaron ocupando el inmueble, excluyéndola de su tenencia, uso y disfrute, todo a pesar de conocer de su condición de dueña. De este modo, solicitó al Tribunal de Primera Instancia que ordenara a los demandados la devolución del inmueble en controversia, así como abstenerse de intervenir con sus derechos propietarios. Igualmente, solicitó que les condenaran al pago de una suma ascendente a $40,000.00, por concepto de daños y perjuicios, más costas, gastos y honorarios de abogado.

En igual fecha, la apelante presentó una acción independiente de desahucio en contra del matrimonio demandado. En virtud de la misma, y bajo iguales alegaciones que las antes expuestas, solicitó que se proveyera para el inmediato desalojo de la propiedad, ello mediante el correspondiente decreto de desahucio.

Tras acontecidos múltiples trámites, el 8 de septiembre de 2022, los demandados presentaron su alegación responsiva, tanto respecto a la acción de reivindicación, como a la de desahucio. En

esencia, en ambos pliegos, afirmaron que adquirieron la propiedad en disputa de buena fe, mientras estaba en estado de abandono, luego de que fuera ejecutada por un banco, mediante escritura de compraventa válida. Añadieron que asumieron la posesión legal del inmueble el 25 de octubre de 2021, que efectuaron mejoras sustanciales a la estructura mediante una inversión considerable y que, la descripción registral provista por la apelante en su demanda, no coincidía con aquella que se incluyó en su escritura de compraventa. El 28 de octubre de 2022, el tribunal de origen consolidó las acciones de reivindicación y desahucio.

Así las cosas y en lo aquí atinente, el 22 de mayo de 2023, la apelante presentó una *Demanda contra Tercero* en contra de los aquí apelados. En la misma alegó que el apelado Ortiz Arocho, por sí y en representación de la apelada Universal, ello en calidad de agente de bienes raíces, puso en venta una propiedad distinta a la suya, también sita en el barrio Aibonito del pueblo de Hatillo. Indicó que, aunque este conocía la descripción física y registral de dicho inmueble, mostró a los demandados uno totalmente distinto que resultó ser el bien objeto de litigio.  La apelante afirmó que dicho error llevó a los demandados a asumir la posesión de su propiedad, cuando la que realmente se encontraba en venta correspondía a otro bien inmueble que los apelados promocionaron. Al amparo de ello, sostuvo que los apelados fueron negligentes en su gestión, por lo que solicitó el pago de una cantidad de $100,000.00 por concepto de todos los daños derivados de su conducta.

El 20 de julio de 2023, los apelados presentaron su *Contestación a la Demanda*. En específico, negaron las alegaciones en su contra, ello al sostener que nunca mostraron la propiedad en disputa a los demandados.  Sobre este particular, indicaron que fue otra corredora de bienes raíces la que tuvo a su haber dicha gestión,

por lo que no podía imputársele error alguno. Entre sus defensas afirmativas, los apelados alegaron la prescripción de la acción.

El 3 de octubre de 2023, los apelados presentaron una *Moción de Desestimación Basada en Prescripción*. En principio, argumentaron que la demanda contra terceros promovida en su contra era improcedente en derecho, toda vez que, a tenor con el ordenamiento procesal, dicho mecanismo está reservado para la parte demandada en un pleito y no para el demandante. A tenor con ello, sostuvieron que la demanda contra tercero en disputa era un subterfugio de la apelante para evitar reconocer que, cualquier reclamación en su contra estaba prescrita.

Al abundar en sus planteamientos, los apelados afirmaron no tener relación contractual con la apelante. Además, indicaron que las actuaciones negligentes alegadas en la demanda estaban relacionadas a los demandados, quienes, estando legitimados para compelerlos al pleito mediante una demanda contra terceros, no radicaron acción alguna en su contra. En cuanto a este particular, añadieron que del expediente del caso surgía que, desde el 10 de marzo de 2022, los demandados sabían que la propiedad en la que habían invertido no era suya, toda vez que recibieron una misiva por parte de la apelante, solicitándole el desalojo de su propiedad. En cuanto a ello, los apelados por igual indicaron que, ese mismo día, los demandados se comunicaron con la Notario a cargo de la transacción para informarle la situación, hecho que validaba el conocimiento aducido. Además, expresaron que, dado a que las partes se adentraron en un proceso para identificar a las personas y entidades relacionadas con la disputa, a dicha fecha, los demandados conocían a todos los corredores de bienes raíces a través de los cuales se produjo la adquisición en controversia, todo sin que ejercieran acción legal alguna en su contra.

A tenor con lo anterior, los apelados se reafirmaron en que siendo, la demanda contra terceros, un mecanismo a la disposición exclusiva de los demandados, la apelante no disponía de remedio alguno a su favor a intentar compelerlos al pleito mediante el mismo. Por igual, sostuvieron que toda posible causa de acción en su contra estaba prescrita, ello por haber transcurrido más de un año desde que los demandados conocieron del daño en controversia y de su causante, de este modo, solicitaron al Tribunal de Primera Instancia que desestimara la demanda contra terceros en disputa.

El 1 de noviembre de 2023, la apelante presentó su escrito en *Oposición a Moción de Desestimación Basada en Prescripción.* En lo pertinente, indicó que, contrario a los argumentos de los apelados, la procedencia de la demanda contra terceros se fundamentaba en lo dispuesto en la Regla 12.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 12.2. Por su parte, respecto a la defensa de prescripción, expuso que, en su solicitud de desestimación, los apelados admitieron haber tenido una relación contractual con los demandados mediante la cual se obligaron frente a estos como corredores de bienes raíces. Así, indicó que resultaba de aplicación el término de cuatro (4) años estatuido en el ordenamiento civil vigente para reclamar daños y perjuicios resultantes de un incumplimiento contractual.

El 5 de diciembre de 2012, el Tribunal de Primera Instancia notificó la *Sentencia Parcial* que nos ocupa. Mediante la misma, dispuso que, dado a que, en el caso de autos, la relación contractual aducida era entre los apelados y los demandados, el término de cuatro (4) años de prescripción para la reclamación de daños por algún incumplimiento, solo aprovechaba a tales partes, no así a la apelante. De este modo, toda vez que entre esta y los apelantes no existía obligación derivada de contrato alguno, concluyó que resultaba de aplicación el término prescriptivo de un año para las

reclamaciones extracontractuales según lo dispuesto en nuestro ordenamiento jurídico. Al amparo de dicho raciocinio, expresó que, para la fecha de la presentación de la demanda de epígrafe, a saber, el 13 de abril de 2022, la apelante tenía conocimiento de que su propiedad había sido vendida en pública subasta. Añadió, por igual, que, durante el curso de los procedimientos, las partes dieron curso a una etapa investigativa, todo a fin de determinar la identidad de todas las personas involucradas en la transacción. A la luz de ello, indicó que, el hecho de que la apelante desconociera el nombre exacto de las personas o entidades concernidas no era impedimento para que presentara la demanda correspondiente bajo uno ficticio que, eventualmente, pudiera rectificar. A su vez, destacó que, en su oposición a la desestimación peticionada por los apelados, esta nunca negó haber presentado su causa de acción contra los apelados fuera del término prescriptivo pertinente, ni haber advenido al conocimiento de su identidad con posterioridad. Así pues, resolvió que la causa de acción en contra de los apelados estaba prescrita.

De otra parte, el Tribunal de Primera Instancia dispuso que, con independencia de que la demanda contra los apelados estuviera prescrita o no, el mecanismo dispuesto en la Regla 12.2 de Procedimiento Civil, *supra*, no estaba disponible para la apelante. Al abundar, expresó que, si bien dicha disposición faculta una parte demandante para presentar una demanda contra tercero en determinado pleito, ello solo procede en ocasión a que el demandante haya sido reconvenido. Por tanto, dado a que dicha condición no concurrió en la presente causa, la apelante estaba impedida de compeler a los apelados al pleito mediante el mecanismo en cuestión. Al amparo de todo lo antes expuesto, el Tribunal de Primera Instancia declaró *Ha Lugar* la desestimación peticionada por los apelados.

Inconforme, el 29 de diciembre de 2023, la apelante compareció ante nos mediante el presente recurso de apelación. En el mismo formula los siguientes señalamientos:

> Erró el Tribunal Primera Instancia al resolver que, basado en la Regla 12.1 y 12.2 de Procedimiento Civil, el demandante no puede traer un tercero demandado en la misma forma y alegaciones que pudo hacer el demandado.

> Erró el Honorable Tribunal de Primera Instancia al declarar Ha Lugar la Moción de Desestimación basada en prescripción dado el hecho que existía una relación contractual entre el demandado y el tercero demandado, la cual el término prescriptivo es de cuatro (4) años o se computa el término desde que se conoció al causante del daño.

Luego de examinar el expediente que nos ocupa, procedemos a disponer del asunto en controversia.

**II**

**A**

La Regla 12.1 de Procedimiento Civil, 32 LPRA A. V, R. 12.1, regula el mecanismo procesal de la demanda contra tercero. La misma dispone como sigue:

> La parte demandada podrá notificar, como demandante contra tercero, un emplazamiento y demanda a una persona que no sea parte en el pleito y que sea o pueda ser responsable a la parte demandada por la totalidad o parte de la reclamación de la parte demandante, o que sea o pueda ser responsable a cualquier parte en el pleito.

> [...]. 32 LPRA A. V, R. 12.1.

La demanda contra tercero permite que controversias surgidas de unos mismos hechos y relacionadas entre sí, se diluciden dentro de un mismo pleito, todo con el fin de promover la economía procesal, así como la pronta y eficaz resolución de las controversias. *Maldonado Rivera v. Suárez y otros,* 195 DPR 182 (2016), *Camaleglo v. Dorado Winds, Inc.,* 118 DPR 20, 28 (1986). Esta herramienta no crea, extiende o limita derechos sustantivos, sino que acelera su dilucidación. *Colón Negrón et al. v.*

*Mun. Bayamón y otros*, 192 DPR 499, 514 (2015); *Gen. Accid. Ins. Co. P.R. v. Ramos,* 148 DPR 523, 534 (1999).

Ahora bien, el solo hecho de tener en común un mismo supuesto fáctico, no es suficiente para añadir a un pleito nuevas controversias mediante una demanda contra tercero. *Colón Negrón et al. v. Mun. Bayamón y otros*, supra, págs. 517-18; *Gen. Accid. Ins. Co. P.R. v. Ramos*, supra. De ahí que el estado de derecho exige que se satisfagan dos condiciones ulteriores: que la reclamación contra el tercero sea contingente al resultado de la demanda original y que exista una relación suficientemente estrecha entre la demanda original y la demanda contra tercero. *Colón Negrón et al. v. Mun. de Bayamón*, supra.

Por su parte, la Regla 12.2 de Procedimiento Civil, 32 LPRA, Ap. V, R. 12.2, contempla el escenario en el cual un demandante puede hacer parte a un tercero en un pleito. A tales efectos reza:

> Cuando por cualquier parte en el pleito se presente contra la parte demandante una reclamación, esta podrá proceder en la misma forma que la parte demandada de acuerdo con la Regla 12.1 de este apéndice.

32 LPRA, Ap. V, R. 12.2.

A tenor con lo antes expuesto, para que un demandante original pueda valerse del mecanismo procesal de la demanda contra tercero, el criterio medular es que se haya convertido en parte reconvenida en el pleito. Solo así podrá utilizar la demanda contra tercero como herramienta en respuesta a la reconvención en su contra.

**B**

Por su parte, la prescripción extintiva es un instituto propio de derecho civil en materia sustantiva, que está intrínsecamente atada al ejercicio del derecho que se pretende vindicar. *SLG. Haedo-López v. SLG Roldán-Rodríguez*, 203 DPR 324, 336 (2019); *Vera v. Dr. Bravo,* 161 DPR 308, 321 (2004); *Campos v. Cía. Fom. Ind.,* 153

DPR 137, 143 (2001). Nuestro ordenamiento jurídico reconoce que su aplicación es cónsona al principio de celeridad, por lo que responde al ideal de un sistema de adjudicación expedito. Si bien la prescripción pretende estimular el pronto ejercicio de las acciones, evitando, de este modo, la incertidumbre en las relaciones jurídicas, lo cierto es que, de igual forma, sirve para castigar la desidia del titular de determinado derecho al no reclamar oportunamente su vindicación. *Conde Cruz v. Resto Rodríguez et al.,* 205 DPR 1043, 1068 (2020).

"Al fijar un plazo determinado en el cual se deberá instar una acción, se pone punto final a las situaciones de incertidumbre jurídica y se evita que las personas estén sujetas de forma indefinida a la contingencia de una reclamación. De lo contrario, un demandado podría encontrarse en una situación de indefensión como consecuencia del paso del tiempo y la desaparición de la prueba". *Conde Cruz v. Resto Rodríguez et al.,* supra, pág. 1068. A tenor con dicha premisa, y en lo aquí pertinente, en el caso particular de las reclamaciones por daños y perjuicios extracontractuales, el Artículo 1204 (a) del Código Civil, 31 LPRA sec. 9496, establece que las mismas prescriben por el transcurso de un año, desde que la persona agraviada conoce del daño y de quién se lo causó. Es pues, desde dicho momento, que puede ejercitar su causa de acción.

Nuestro ordenamiento jurídico reconoce que se hace preciso contar con todos los elementos necesarios para presentar la correspondiente reclamación judicial, siempre que el interesado, de buena fe y no por falta de diligencia atribuible a su persona, desconozca que tiene derecho a hacerla valer. *Allende Pérez v. García,* 150 DPR 892, 903-904 (2000). Así, el estado de derecho vigente delimita las etapas en las que puede infligirse un daño como sigue:

La primera la constituye el acto u omisión culposa o negligente. La segunda surge cuando subsiguientemente se produce una consecuencia lesiva o daño que causa menoscabo- ya sea físico, moral, económico, entre otros-en la persona que la sufre. Esta segunda etapa se conoce como la vertiente material u objetiva del daño, debido a que este existe en la realidad física, aunque el perjudicado no la conozca. La tercera surge con el conocimiento del perjudicado del menoscabo sufrido, debido a que este se manifiesta en alguna forma que permite que sea reconocido. Esta última etapa se denomina como la vertiente cognoscitiva del daño, ya que gira en torno al conocimiento que tiene la víctima del daño sufrido.

*Col. Mayor Tecn. v. Rodríguez Fernández,* 194 DPR 635, 644 (2016), citando a *Ojeda v. El Vocero de P.R.,* 137 DPR 315, 323 (1994).

### III

En la presente causa, la apelante alega que el Tribunal de Primera Instancia erró al desestimar la causa de acción que promovió en contra de los apelados, ello, a su juicio, en contravención a lo dispuesto en la Regla 12.2 de Procedimiento Civil, *supra.* De igual forma, aduce que el foro sentenciador incidió al intimar que su reclamación en contra de los apelados estaba prescrita, al aducir que, dada la existencia de un contrato entre estos y los demandados, resultaba ser de aplicación el plazo prescriptivo de cuatro años para las acciones por daños y perjuicios derivados del incumplimiento contractual. Habiendo entendido sobre los referidos señalamientos, a la luz de los hechos y de la norma aplicable, confirmamos el dictamen apelado.

Al entender sobre el expediente que nos ocupa, no podemos sino coincidir con lo resuelto por la sala sentenciadora. A nuestro juicio, la *Sentencia Parcial* que tuvimos a nuestro haber revisar, obedece a una correcta interpretación del derecho pertinente a la materia que atendemos.

Tal cual resuelto, la reclamación promovida por la apelante en contra de los apelados, en efecto, está prescrita. Contrario a lo que pretende con sus argumentos, en forma alguna le resulta de

provecho el plazo prescriptivo de cuatro años dispuesto para las reclamaciones de daños contractuales, toda vez que es un tercero ajeno a cualquier relación de naturaleza contractual habida entre los demandados y los apelados. Así pues, está impedida de invocar la aplicación de un término prescriptivo mayor al que dispone para poder exigir a los apelados la vindicación judicial de cualquier derecho que, frente a estos, crea tener.

La demanda de autos se presentó el 13 de abril de 2022. Surge que, previo a que se presentara la alegación responsiva de los demandados, estos efectuaron una previa comparecencia, con fecha del 15 de agosto de 2022, ello con relación a una solicitud de anotación de rebeldía. En la misma, expresamente indicaron haber adquirido la propiedad en controversia tras haber visto la publicación de anuncio que identificaban la misma mediante fotografías. Ciertamente, de tales expresiones se puede colegir que, al menos desde dicha fecha, la apelante pudo advertir, la posible intervención de terceros en el asunto, hecho que debió haberla llevado a ejercer todas las previsiones procesales a su haber para poder preservar cualquier tipo de causa de acción relacionada. Ahora bien, una vez trabada la controversia entre la apelante y los demandados, estos dieron curso a un proceso para poder identificar a todas las partes con inherencia en la controversia de epígrafe. Conforme resolvió el tribunal primario, nada impedía a la apelante incluir, en la parte demandada, a un demandado con nombre desconocido, todo para propósitos de efectuar la correspondiente interrupción del término prescriptivo en curso. No obstante, no actuó de conformidad. Además, precisa destacar que la apelante nunca planteó el haber conocido la identidad del causante de los daños que reclama con posterioridad a las instancias antes expuestas. Su único argumento se ciñó a la aplicación del término de cuatro años en controversia. Siendo así, y toda vez que le era de

aplicación el plazo de prescripción de un año para las reclamaciones por daños y perjuicios extracontractuales, su inacción dentro del mismo, a los fines de compeler al pleito a los apelados, suprimió su derecho a tales fines. Por tanto, transcurrido un año desde la presentación de la demanda de autos, ninguna acción judicial puede promover la apelante en contra de los apelados para reclamar los daños alegadamente derivados del asunto en litigio.

Finalmente, en cuanto al alegado error de derecho relativo a la interpretación y aplicación de lo dispuesto en la Regla 12.2 de Procedimiento Civil, *supra,* diferimos de lo planteado por la apelante. Conforme se resolvió, la letra de la referida disposición procesal expresamente faculta a una parte demandante para valerse de una demanda de tercero, en los mismos términos que puede hacerlo un demandado, solo cuando, en su contra se haya presentado una reconvención. Por tanto, dado a que, en el caso de epígrafe, la apelante no fue parte reconvenida por los demandados, no está legitimada para utilizar el referido mecanismo. Así pues, su gestión, en efecto, es una procesalmente ineficaz.

**IV**

Por los fundamentos que anteceden, se confirma la *Sentencia Parcial* apelada.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones