Miranda De Hostos, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Se recurre de una resolución del Tribunal de Primera Instancia, Sala Superior de Carolina, que permitió a la parte recurrida Crespo & Crespo Enterprises Inc., et ais. (en adelante Crespo & Crespo), presentar una demanda de tercero contra Néstor Del Castillo Hernández, et ais., en una demanda principal presentada en su contra por la parte peticionaria San Juan Oil Company Inc. (en adelante San Juan Oil), sobre cobro de dinero, ejecución de prenda y de hipoteca.
Se deniega expedir el auto de certiorari y la solicitud de paralización de los procedimientos ante el foro de instancia, presentados por San Juan Oil. Veamos porqué.
I
En síntesis, el trámite procesal comenzó el 11 de enero de 2000, cuando la parte peticionaria San Juan Oil presentó una demanda contra la parte recurrida Crespo & Crespo, sobre cobro de dinero, ejecución de prenda y de hipoteca.
Se alega en dicha demanda que San Juan Oil, la cual se dedica a la venta de productos de petróleo, y Crespo & Crespo que opera un negocio de gasolina conocido como La Finquita, suscribieron un contrato de préstamo con garantía de un pagaré, pagadero en ciento veinte (120) mensualidades, un contrato de prenda, y luego se dio un *987 pagaré hipotecario. En tales contratos, Crespo & Crespo compareció como deudor prestatario de San Juan Oil y alegadamente se le obligó como condición para el mismo, el suscribir un contrato de suministro exclusivo de productos de petróleo para su gasolinera.
Por el alegado no pago de lo acordado, San Juan Oil presentó demanda contra Crespo & Crespo, solicitando la cancelación y vencimiento de la deuda de la hipoteca y la ejecución del contrato de prenda, según lo pactado.
Luego de varios trámites al respecto, Crespo & Crespo le solicitó al Tribunal de Primera Instancia el traer al pleito como terceros demandados a Néstor Del Castillo Hernández, et ais., alegando que éstos y su alter ego San Juan Oil, mediante maquinaciones insidiosas, les indujeron a llevar a cabo los contratos, los cuales tenían como propósito ulterior el ejecutar la hipoteca que se había dado en garantía de lo adeudado. El foro de instancia autorizó a la parte recurrida Crespo & Crespo a traer como terceros demandados a Néstor Del Castillo Hernández, e inconforme con dicho dictamen, San Juan Oil acude ante nos en revisión, alegando, en síntesis, que siendo un “simple caso de cobro de dinero”, no procedía el autorizarse la demanda de tercero.
II
Resumido el trámite ante el foro de instancia, procedemos a discutir la norma jurídica aplicable.
A
Sobre las alegaciones a terceras partes
El ordenamiento procesal civil dispone que:
“En cualquier momento después de comenzado el pleito, el demandado podrá, como demandante contra tercero, notificar un emplazamiento y demanda a una persona que no sea parte en el pleito y: (1) que le sea o pueda serle responsable al demandado por toda o parte de la reclamación del demandante, o (2) que sea o pueda serle responsable exclusivamente al demandante. ”
Regla 21.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III.
El Tribunal Supremo ha reconocido que el propósito de esta regla es establecer “[u]n mecanismo para facilitar la resolución pronta y económica de pleitos múltiples que puedan surgir de unos mismos hechos”. Szendrey v. Hospicare, Inc., opinión de 14 de febrero de 2002, 2002 J.T.S. 25, pág. 25 (Casos citados.)
Esta acción contra tercero no crea o extiende o limita derechos sustantivos de las partes, sino que tiene el propósito de acelerar su rápida dilucidación. Por tal razón, la reclamación contra tercero se ha reconocido que procede cuando su responsabilidad sea contingente al resultado de la acción principal o cuando el tercero demandado sea responsable al demandante original, ya sea de manera directa o secundaria. Camaleglo v. Dorado Wings, Inc., 118 D.P.R. 20, 30 (1986); General Accid. Ins. Co. P.R. v. Ramos, 148 D.P.R. 523, 534 (1999). (Casos citados.)
B
La discreción del foro de instancia para pautar los procedimientos
En nuestra jurisdicción se le ha reconocido al Tribunal de Primera Instancia, amplia facultad y discreción para pautar el manejo de los casos ante su consideración y para tomar todas aquellas medidas necesarias dirigidas a la búsqueda de la verdad, que garanticen que los casos sean adjudicados correctamente. Otero Prann v. Delbrey Rivera, 244 D.P.R. 688, 791 (1998).
La discreción que goza el foro de instancia para ordenar los procedimientos, como norma general, no será *988 alterada por el foro intermedio apelativo a menos que se le prive a una de las partes litigantes de sus derechos fundamentales o se demuestre que actuó en claro error de derecho el tribunal revisado. Vives Vázquez v. ELA, 142 D.P.R. 117, 140(1996).
III
Aplicación al recurso de la norma jurídica
Con la norma jurídica antes mencionada como fundamento, concluimos que no hay razón para intervenir con el dictamen interlocutorio revisado.
De la lectura de la demanda contra tercero y sin pasar juicio sobre su veracidad, surge que existen alegaciones que son contingentes al resultado de la demanda principal presentada por San Juan Oil, entre otras y sin ser exhaustivo, sobre las razones o motivos para suscribir entre las partes el contrato de compraventa, el contrato de arrendamiento y el contrato de suministro exclusivo de combustible. Además, se hacen alegaciones sobre las “maquinaciones insidiosas” de los terceros demandados como alter ego de San Juan Oil, para quedarse con el garaje a través de un ofrecimiento de financiamiento para remodelarlo, para luego llevar a cabo la ejecución de la hipoteca.
En particular, el tercero demandante, aquí parte recurrida, alega en la demanda de tercero que, inclusive, el contrato de hipoteca suscrito con San Juan Oil es nulo por vicios en el consentimiento, pues se le indujo al mismo mediante maquinaciones insidiosas, dolo y fraude de los terceros demandados.
Ante tales circunstancias, es claro que no incidió el foro recurrido al permitir la demanda de tercero contra Néstor del Castillo Hernández, et ais., cuando el resultado de la acción principal -sin pasar juicio sobre su validez-tiene un impacto de manera directa con la reclamación del tercero.
IV
Por los anteriores fundamentos, se deniega expedir el auto de certiorari y, por ende, la solicitud de paralización del trámite ante el foro revisado.
Notifíquese inmediatamente por facsímil y por la vía ordinaria.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General